IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID HANES                                                                PLAINTIFF

VS.                                                        CASE NO.: 3:14cv699 HTW-LRA

CAPWELD, INC., a Mississippi Corporation
and J. DEAN DUNAWAY                                                        DEFENDANTS

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, David Hanes (hereinafter "Plaintiff") who was an employee of Defendants, Capweld, Inc. and brings this action for unpaid compensation, unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter the "FLSA").

### PARTIES

1. Plaintiff was a sales and delivery driver and performed related activities for Defendants in Hinds County, Mississippi.

2. Defendant, Capweld, Inc. is a Mississippi Corporation who may be served with process on its registered agent Dean Dunaway at 233 East Rankin Street, Jackson, Mississippi 39201.

3. Defendant, J. Dean Dunaway, is an individual who, upon information and belief, resides in Hinds County, Mississippi and can be served with process at Moss Lane, Route 3 Box 366A Jackson, Mississippi.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. Defendants were engaged in the manufacture and sale of welding supplies in the State of Mississippi.

7. Plaintiff, David Hanes, worked as a sales and delivery driver for the previous twelve (12) years until July 16, 2014.

8. Plaintiff worked July 9, 2014 through July 15, 2014 for which Defendants failed to compensate him at his regular hourly rate of $12.50 per hour.

9. Plaintiff was a non-exempt employee within the meaning of the FLSA through his employment with the Defendants and was subject to the overtime provisions of the FLSA.

10. During his employment, Plaintiff regularly worked hours in excess of forty (40) hours per week for which Defendants failed to compensate him.

11. Plaintiff typically worked forty-five (45) hours per week without overtime compensation.

12. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff at a rate of time and a half of his regular rate of pay for hours worked over 40 hours in a work week.

13. Additionally, Plaintiff had accrued 637.54 hours of paid time off for which he was not compensated for under the Employee Personnel Time Policy, executed by Defendants and the employees of Capweld, Inc.

14. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

15. Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

16. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

17. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

18. Plaintiff demands a trial by jury.

19. Defendant, J. Dean Dunaway, is the owner of Capweld, Inc.

20. Defendant, J. Dean Dunaway, is the director and president and who was responsible for the overall business operations of Capweld, Inc.

21. Defendant, J. Dean Dunaway, acted with direct control over the work, pay, and job duties of the Plaintiff and other similarly situated employees.

22. Defendant, J. Dean Dunaway, as director and president determined Plaintiff's rate and method of payment, including authority to determine whether Plaintiff received overtime.

23. As such, Defendant, J. Dean Dunaway, is charged with the responsibility for the violations of the Plaintiff's rights to overtime and resulting damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for:

1. The payment of unpaid compensation at his regular rate of hourly pay for the hours worked for which Defendants did not properly compensate him;

2. The payment of all overtime hours at one and a half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him;

3. They payment of accrued hours of paid time off for which by him for which Defendants did not properly compensate him;

4. Liquidated damages;

5. Reasonable attorney's fees and costs incurred in this action;

6. Pre and post judgment interest as provided by law;

7. Trial by jury on all issues so triable; and,

8. Any and all further relief that this court determines to be appropriate.

This the 2nd day of September, 2014.

                    Respectfully submitted,

                    DAVID HANES

                    R.E. PARKER, JR., MSB #4011
                    PENNY B. LAWSON, MSB #103450

OF COUNSEL:

VARNER, PARKER & SESSUMS, PA
1110 Jackson Street
Post Office Box 1237
Vicksburg, Mississippi 39183-1237
Telephone: 601-638-8741
Fax: 601-638-8666
Email: rep@vpslaw.com
       plawson@vpslaw.com